[No. 4987.   Decided February 23, 1905.]

JOHN A. PEASE, *Respondent, v.* ANNA C. BUCKLEY,

*Appellant.*[1]

QUIETING TITLE—PLEADINGS—ANSWER—FORMER ACTION AS A BAR—UNFOUNDED ADVERSE CLAIMS. It is not a valid answer to an action to quiet title, nor a bar to the suit, that the plaintiff had foreclosed a tax certificate and secured a tax deed upon the same property in an action against the same defendant, who made default after personal service, and that the defendant claims no interest or estate acquired since such foreclosure, since the action would lie against prior and unfounded adverse claims, impliedly admitted by such answer, thereby warranting judgment on the pleadings in favor of the plaintiff.

Appeal from a judgment of the superior court for Pierce county, Snell, J., entered October 26, 1903, upon the motion of plaintiff for judgment on the pleadings, in an action to quiet title.   Affirmed.

*Frank D. Nash,* for appellant.

*Edward E. Cushman* and *R. F. Laffoon,* for respondent.

FULLERTON, J.—This is an action to quiet title.   The complaint of the respondent, who was plaintiff below, is the ordinary one in such cases.   The appellant answered as follows (omitting formal parts):

"That heretofore and on April 8th, 1902, in an action then pending in the superior court of Pierce county, Washington, No. 946 of tax foreclosure cases, in which action John A. Pease, the plaintiff herein, was plaintiff, and Anna C. Buckley and others were defendants, brought to foreclose a tax sale certificate for taxes for the year 1897, and the lien of other taxes, alleged to have been paid by plaintiff, levied and assessed against the property described in the complaint herein, with other property in Buckley's Addition to Tacoma, judgment and decree was rendered upon personal service of the summons upon the defendant here-

[1] Reported in 79 Pac. 627.

in within the state of Washington for the sum of $474.76 taxes, interest and penalty found to be due, and $12.00 costs, which sums were decreed to be a lien upon the property described in the complaint herein and the other property described in said action; and in said judgment and decree the property described in the complaint herein was directed to be sold to pay said judgment and decree; that said judgment is unreversed and no appeal has been taken therefrom; that on April 19th, 1902, pursuant to the direction contained in said decree, all of the property described in the complaint herein was sold to and bid off by plaintiff and a deed therefor was issued and delivered to him, and plaintiff went into possession of the property described in the complaint herein by virtue of said judgment, sale and deed; that defendant has acquired no title or interest in the property described in the complaint herein since said tax foreclosure suit was commenced, and she claims no estate or interest in said property acquired since said tax foreclosure suit was commenced. Defendant pleads and alleges that said tax foreclosure judgment, sale and deed constitute a bar to this action, and alleges that plaintiff is estopped by said judgment, sale and deed from and ought not to be permitted to maintain this action."

On the filing of the answer, the respondent moved for judgment on the pleadings, which motion the court granted, rendering a judgment quieting the title of the respondent against the claims of the appellant, refusing, however, to award costs against her.

The appellant argues that, inasmuch as the judgment of foreclosure in the tax foreclosure proceedings was had upon a personal service, in an action in which she made default, it is conclusive of her rights in the property in question, and hence is *res judicata,* and a bar to any subsequent action against her relating to the property. A somewhat extended argument is made in support of the contention, but this we shall not attempt to follow. The vital objection to the contention is that it overlooks the fact that an

action to quiet title will lie against unfounded adverse claims as well as those founded upon the most perfect title. The answer of the appellant, it will be noticed, does not deny that she is making an adverse claim to the property; what she does say is that she claims no estate or interest "acquired since the tax foreclosure suit was commenced"— impliedly admitting that she does claim an estate and interest adverse to the respondent, although, perhaps, confined to estates or interests founded upon rights acquired prior to the foreclosure proceedings.    Against these claims the action would lie.    It may be that, had the appellant denied the allegations of the complaint and filed a complete disclaimer, she would have been entitled to go to proofs upon her denials, and to costs, and a dismissal of the action, had the respondent failed to establish his allegation that she had made adverse claims; but she is not entitled to such a judgment simply because the record shows that the adverse claims she did make are unfounded.

The judgment is affirmed.

MOUNT, C. J., HADLEY, and DUNBAR, JJ., concur.

RUDKIN, ROOT, and CROW, JJ., took no part.